UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RALPH AMES,

    Petitioner,

v.

DAVID EBBERT,

    Respondent.

CASE NO. 3:12-CV-0405

(Judge Kosik)

## MEMORANDUM AND ORDER

AND NOW, THIS 12th DAY OF OCTOBER, 2012, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Ralph Ames, a prisoner confined at the USP Canaan, Waymart, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 5, 2012 (Doc. 1);

(2) In his petition, petitioner alleges that his due process rights were violated when he was issued a misconduct report more than twenty-four hours after the alleged infraction. Petitioner also alleges that the Discipline Hearing Officer violated his due process rights by not being impartial;

(3) The action was assigned to Magistrate Judge J. Andrew Smyser for Report and Recommendation;

(4) On July 2, 2012, the Magistrate Judge issued a Report and Recommendation (Doc. 10) wherein he recommended that the petition for writ of habeas corpus be dismissed;

(5) Specifically, the Magistrate Judge found that the petitioner's claims are without merit. The Magistrate Judge found that (1) petitioner received due process under Wolff v. McDonnell, 418 U.S. 539 (1974), in relation to his hearing before the Discipline Hearing Officer (DHO) because he received notice at least twenty-four hours before the hearing; (2)

FILED
SCRANTON

OCT 1 2 2012

PER _M.&.P._
DEPUTY CLERK

the petitioner did not establish that the DHO was not impartial;[1] (3) the DHO provided an adequate statement of his reasons for finding the petitioner culpable of the actions; (4) the DHO applied the current Code 297 and found the petitioner in violation of Code 297; and (5) the DHO did not deny the petitioner due process or violate the Ex Post Facto Clause because the new version of 28 C.F.R. 541.1 et seq, effective June 20, 2011, existed at the time the telephone calls were made in September 2011, were applied properly, and the punishment imposed was for the new offense, not the prior one.

(6) On September 4, 2012, Petitioner filed a motion for extension of time. (Doc. 13). The motion was granted and Petitioner was given until September 28, 2012 to file objections to the Magistrate Judge's Report and Recommendation. (Doc. 14).

(7) Petitioner has failed to file timely objections to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

(8) If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a _de novo_ review of his claims. 28 U.S.C.A. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(9) We have considered the Magistrate Judge's Report and we concur with his recommendation. We agree with the Magistrate Judge that petitioner's claims are without merit.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge J. Andrew Smyser dated

---

[1] Additionally, we find the petitioner did not establish the DHO was not impartial under 28 C.F.R. 541.8(3)(b) which states, "The DHO will be an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident."

July 2, 2012 (Doc. 10) is **ADOPTED**;

    (2)    The petitioner's petition for writ of habeas corpus is **DISMISSED**;

    (3)    The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge; and,

    (4)    Based on the court's conclusion herein; there is no basis for the issuance of a certificate of appealability.

                                                               _____
                                                               Edwin M. Kosik
                                                               United States District Judge